MaddeN, Judge,
concurring in the result:
, I concur in the decision because I think we are not free to inquire as to the intent of Congress, in view of the Supreme Court decisions discussed in the opinion of the court.
FINDINGS OF FACT
The court makes findings of fact, based upon the stipulation of the parties, and the briefs and' argument of counsel, as follows:
1. Gordon Blanding died in the city and county of San Francisco, State of California, on the 11th day of September 1945, and at the time of his death was a resident of said city and county and left estate therein.
*269 2. Said decedent left a will dated June 15, 1940, and six codicils thereto, all of which were duly admitted to probate as his last will and testament on October 3, 1945, by order of the Superior Court of the State of California in and for the city and county of San Francisco.
3. Plaintiffs above named, A. Crawford Greene and Wells Fargo Bank & Union Trust Co., since December 20, 1954, known as Wells Fargo Bank, were nominated by said last will and testament as co-executors thereof and as co-trustees of the trust therein created. By order of said Superior Court, plaintiffs were duly appointed as co-executors on October 3, 1945, and qualified as such on said date. Letters testamentary were issued to said plaintiffs on October 3,1945, and ever since said date plaintiffs have been and now are the duly appointed, qualified and acting executors of the last will and testament of said decedent.
4. Among the assets of said decedent which came into the possession of plaintiffs as such executors were certain United States 2>% Panama Canal loan bonds dated June 1, 1911, and due June 1, 1961, with an aggregate par value of $1,432,600. Said bonds were issued pursuant to provisions of section 39 of the act of Congress of August 5, 1909 (36 Stat. 117), as amended by the acts of Congress of February 4, 1910 (36 Stat. 192), and March 2, 1911 (36 Stat. 1013). Said section 39 provides in part:
* * * the bonds herein authorized shall be exempt from all taxes or duties of the United States, as well as from taxation in any form by or under State, municipal or local authority * * *
Each of said Panama Canal loan bonds, issued pursuant to said statute, which was owned by said decedent at the date of his death, and which constituted a part of his estate, on its face contained the following provision:
The principal and interest are exempt from all taxes or duties of the United States as well as from taxation in any form by or under State, Municipal or local authority.
5. On December 11,1946, plaintiffs, as executors of the last will and testament of said decedent, filed a Federal estate tax return with the Collector of Internal Revenue at San Francisco, California, on behalf of said decedent’s estate. As *270 Item 139 of Schedule B in said estate tax return, plaintiffs listed said Panama Canal loan bonds, but plaintiffs did not include said bonds as a part of decedent’s gross estate subject to tax, and by way of explanation stated on the face of said estate tax return as follows:
Note: The value of these bonds and accrued interest thereon is excluded from taxation herein pursuant to the tax exemption clause contained in each bond as follows: “The principal & interest are exempt from all taxes or duties of the U.S. as well as from taxation in any form by or under State, Municipal or local authorities.
6. Subsequently, on January 16, 1947, plaintiffs, as executors of the last will and testament of said decedent, filed an amended estate tax return with said Collector, in which return, as Item 139 of Schedule B, both the principal of and accrued interest to date of death on said Panama Canal loan bonds were included as a part of decedent’s gross estate subject to tax. Said plaintiffs attached to the amended estate tax return a letter addressed to the Collector dated January 14,1947, insisting upon their claim that said Panama Canal loan bonds and the accrued interest thereon to date of death were not subject to estate tax, and stating that the reason for inclusion of said Panama Canal loan bonds as a part of said decedent’s gross estate was merely to stop the running of interest, and that plaintiffs reserved the right to challenge tax-ability of said bonds by a claim for refund and suit or other appropriate proceeding to recover the taxes attributable to said bonds.
7. At the time when plaintiffs filed said Federal estate tax return on December 11, 1946, plaintiffs, as executors, paid to said Collector the sum of $3,518,563.59, the estate tax shown due on said return. At the time when plaintiffs filed said amended estate tax return on January 16,1947, plaintiffs, as executors, paid to said Collector the additional sum of $1,113,594.34 principal and $6,482.23 interest. Said sum of $1,113,594.34 was the additional sum due by reason of inclusion of said Panama Canal loan bonds and accrued interest thereon to date of death in decedent’s estate, and said sum of $6,482.23 was interest on $1,113,594.34 from December 11, *271 1946, the date on which the estate tax was due, to J anuary 16, 1947, the date of payment.
8. On July 14,1948, plaintiffs, as executors of the last will arid testament of said decedent, paid an additional estate tax in the amount of $42,053.45 plus interest thereon in the amount of $4,022.73 from December 11, 1946, the date on which said tax was due, to July 14, 1948, the date on which said tax was paid. Thereafter, plaintiffs were allowed a credit of $10,513.36 in connection with the additional tax previously mentioned. This credit, of which plaintiffs were advised by the Commissioner of Internal Revenue in a letter dated November 23, 1948, was attributable to allowance for State inheritance taxes paid. The aforementioned payment of additional tax and interest and the subsequent credit in connection therewith were occasioned by issues not involved in the present claim.
9. By Decree of Final Distribution duly made, signed and entered on December 14,1948, by order of the Superior Court of the State of California in and for the city and county of San Francisco, all the rest, residue and remainder of the estate of said decedent was distributed to plaintiffs as trustees of the trusts created by the last will and testament of Gordon Blanding, deceased; and said rest, residue and remainder so distributed to plaintiffs as such trustees, by the terms of Paragraph IV of the seventh clause of said Decree of Final Distribution, expressly included all rights to or claims for refunds of estate taxes.
10. Within three years after payment of the estate tax on decedent’s estate as aforesaid and on December 5,1949, plaintiffs, as such executors and trustees, filed with the Collector of Internal Revenue at San Francisco, California, their claim for refund of Federal Estate tax on Treasury Department Form 843. The total estate tax paid on behalf of said decedent’s estate was $4,674,211.38, and said claim was for the refund of $1,141,094.46 plus interest as provided by law.
11. $1,113,937.37 of the $1,141,094.46 for which said claim for refund was filed, is that portion of the estate tax paid by reason of the inclusion in said decedent’s gross estate of the aforesaid Panama Canal loan bonds with interest accrued thereon to date of death. The difference between $1,113,- *272 594.34, the amount of tbe additional estate tax paid on January 16, 1947, attributable to said Panama Canal loan bonds, and accrued interest thereon to date of death, (as set forth in finding 7) and $1,113,937.37, the amount for which a claim for refund was filed on account of the inclusion of said bonds and such accrued interest thereon in decedent’s gross estate, is due to adjustments made on audit of decedent’s amended estate tax return subsequent to January 16, 1947, which adjustments resulted in the application of a higher estate tax rate to the assets of decedent’s estate.
12. On January 15, 1951, the Internal Revenue Agent in Charge at San Francisco, California, acting on behalf of the Collector of Internal Revenue, submitted to plaintiffs, as such executors and trustees, a proposed adjustment of said claim for refund, providing for a refund of $27,157.09, exclusive of interest, on.account of matters not at issue in this case, and rejecting plaintiffs’ claim insofar as it related to said Panama Canal loan bonds.
13. Within thirty days from the date of the submission of said proposed adjustment to plaintiffs, and on February 7, 1951, plaintiffs, as such executors and trustees, submitted to the Internal Revenue Agent in Charge their protest to said proposed adjustment of claim for refund.
14. By letter dated September 27, 1951, the Commissioner of Internal Revenue notified plaintiffs, pursuant to the provisions of Section 3772(a) (2) of the Internal Revenue Code of 1939 that their claim for refund of $1,141,094.46 had been disallowed except to the extent of an. allowance made on Schedule of Overassessments, numbered IT-170700. Plaintiffs had been previously advised of this allowance in the total amount of $29,754.87 plus interest of $5,578.02 by a Certificate of Overassessment, and plaintiffs received a refund in the amount of such allowance. The said amount of $29,754.87 represented $27,157.09 of estate tax and $2,597.78 of interest thereon theretofore paid by plaintiffs. No part of such allowance or refund related to issues involved in the present claim. The difference between $1,141,-094.46, the total amount of plaintiffs’ claim for refund, and said refund of estate tax of $27,157.09, or $1,113,937.37, is the amount of estate tax paid by plaintiffs by reason of the in- *273 elusion in decedent’s net taxable estate of the subject Panama Canal bonds and interest accrued thereon to date of •decedent’s death.
15. Within two years from the date of mailing said notice of allowance by the Collector of Internal Revenue, and on September 22, 1953, this proceeding was filed in this court to recover $1,113,937.37, the amount of plaintiffs’ claim for refund which had been disallowed by the Collector, with interest thereon as allowed by law.
18. The only issue of United States bonds containing an •exemption from “taxes or duties of the United States” which has at the date hereof not matured or been called and on which interest is still being paid is the 3% Panama Canal bonds of 1911-1961. On October 31, 1956, the amount of these bonds outstanding was $49,800,000.00. All other issues -of bonds which carry an exemption from “taxes or duties •of the United States” have now ceased to earn interest either pursuant to call or because of maturity. The following list ■describes and gives the outstanding amount on November 20, 1956, of each issue of United States bonds which contains an ■exemption from “taxes or duties of the United States”:

Amount outstanding Loan December SI, 1955

Funded Loan 1881_ $19,400. 00
Funded Loan 1891_ 18,700. 00
Punded Loan 1907_ 343,000.00
Funded Loan 1881 (Continued)_ 50.00
Loan of 1904_ 13,000. 00
3 percent Loan 1908-18_ 98, 340. 00
4 percent Loan 1925_ 8, 550. 00
2 percent Consols 1930- 10,000. 00
2 percent Panama Canal 1916-36_ 60. 00
2 percent Panama Canal 1918-38_ 20. 00
3 percent Conversion Bonds 1946_ 100. 00
Qi/2 percent Postal Savings Bonds (series
1-49) _ 2,203,800.00
17. In 1939 Gordon Blanding made an irrevocable gift in trust of $1,000,000 par value 3% Panama Canal bonds of 1911-1961 for the benefit of his daughter, Henriette de Saussure Goodrich. On April 19, 1940, Gordon Blanding *274 filed a Federal gift tax return on which he declared this transfer as subject to a gift tax of $287,347.71 which amount was duly paid. Neither Gordon Blanding, his estate, nor anyone acting for or on behalf of either has ever filed a claim of any type for the refund of said gift tax.
18. Plaintiffs, by virtue of the aforesaid decree of distribution in the estate of said decedent and by operation of law, on December 14, 1948, as trustees of the trusts created by the last will snd testament of said decedent, succeeded to all the rights to recover and to claim refund of Federal estate taxes assessed and collected against said decedent’s estate by virtue of the inclusion of the aforesaid Panama Canal loan bonds therein. Except for said transfer by operation of law and by virtue of said decree of distribution, there has been no assignment or transfer of the right to recover or to claim refund of said Federal estate tax, or any part thereof. Plaintiffs, as such trustees, were at the date of filing of this action, and ever since said date have been, and now are the sole owners of all of said right to recover and to claim refund of said Federal estate taxes assessed and collected against said decedent’s estate by reason of the inclusion of said Panama Canal loan bonds therein.
CONCLUSION 0E LAW
Upon the foregoing findings of fact, which are made a part of the judgment herein, the court concludes as a matter of law that the plaintiffs are not entitled to recover, and the petition is therefore dismissed.